UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   11 0064 |
| | ) | |
| KENNETH QUATTLEBAUM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

In September 2010, plaintiff submitted a complaint which appears to be identical to the pleading submitted here, and the Court transferred that matter to the United States District Court for the Northern District of Alabama. *Nails v. Quattlebaum*, No. 10-1584 (D.D.C. Sept. 20, 2010). That Court dismissed the case upon its determination that, by filing her complaint in the District of Columbia, plaintiff was attempting to circumvent an order which required a prefiling determination by a judge before her case could proceed in the Northern District of Alabama. *Nails v. Quattlebaum*, No. 10-2743-S (N.D. Ala. Nov. 1, 2010) (Order Dismissing Case Without Prejudice); *see Nails v. Arbor Acres Apartments*, No. 4:08-cv-1990 (N.D. Ala. Feb. 12, 2009) (Final Judgment Order directing the Clerk "to refrain from processing any new action by Nails unless a judge of this Court makes a pre-filing determination that the case has sufficient merit to be filed. Thus, any complaint submitted by

Nails in the Northern District of Alabama must, in the future, be submitted to a judge of the court for a pre-filing determination that the case may proceed").

It is apparent that venue in this district is improper for litigating the claims plaintiff raises because all the alleged events forming the basis of her claims occurred in Alabama and because all the parties are located in Alabama. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the location where the defendants are located or where a substantial part of the events occurred). Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* In light of the plaintiff's apparent attempt to bring claims against the same defendants arising from the same facts as those set forth in her prior case, and in light of the plaintiff's apparent attempt to avoid the restrictions imposed on her ability to file cases in the Northern District of Alabama, it is not in the interest of justice to transfer this action. This action will be dismissed without prejudice.

An Order accompanies this Memorandum Opinion.

_____
United States District Judge


DATE: 12/30/10